**In re Janet Clark DAVIS, Debtor.**

No. 07–70272.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

July 20, 2007.

Mark S. Lewis, Legal Aid of The New River Valley, Christiansburg, VA, for Debtor.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court is the Debtor's Motion to Proceed in Forma Pauperis. The Court conducted a hearing on the motion in Roanoke on April 10, 2007. At that time, the Court took the matter under advisement and requested the Debtor submit a memorandum of authorities in

support of her motion. After due consideration of the evidence and authorities, the motion is denied.

## FINDINGS OF FACT

On February 22, 2007, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Along with the petition, the Debtor filed a Motion to Proceed in Forma Pauperis, which seeks to waive the Chapter 7 filing fee pursuant to 28 U.S.C. § 1930(f). On Schedule I, the Debtor listed no dependents and reported a total gross monthly income of $1,698.06,[1] less payroll deductions of $502.02, resulting in a total net monthly income of $1,196.04. The Debtor reported total monthly expenses of $1,235.00.[2]

The Debtor owns no real property. The Debtor owns personal property, which values at $10,451.20 on her Schedule B. The Debtor's personal property includes one automobile-a 2000 Subaru Outback valued at $5,750. Also, included among the personal property is $300 cash-in-hand and $30 in a personal checking account. The Debtor claims all personal property as exempt.

At the April 10, 2007, hearing, the Debtor testified that she paid $299.00 to the Southwest Virginia Legal Aid Society, Inc., which it holds in escrow. The Southwest Virginia Legal Aid Society, Inc. requires all potential debtors provide it with the funds to pay any potential bankruptcy filing fee, regardless of whether the Debtor seeks or intends to seek a waiver of their filing fee. In order to make this payment, the Debtor utilized part of her 2006 income tax return, which she properly homestead-ed. Based upon this testimony, the court took the Debtor's motion under advisement, requesting counsel for the Debtor submit authority in support of the motion. According to the authority submitted by the Debtor, the $300 cash on hand listed amongst the Debtor's personal property and the $299.00 held in escrow by the Southwest Virginia Legal Aid Society, Inc. are one in the same.

## LAW AND DISCUSSION

This court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334. This is a case filed under title 11, and the court may hear and determine the outcome of such proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. § 1409(a).

■ 28 U.S.C. § 1930(f) provides the bankruptcy court the authority to waive the filing fee in an individual debtor's Chapter 7 petition filed after October 17, 2005. Because the Debtor filed her petition on February 22, 2007, Section 1930(f) applies:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1). On August 11, 2005, the Judicial Conference of the Unit-

---

1. The Debtor's gross monthly income includes an estimated $308.88 of overtime pay per month.

2. The itemization of the reported monthly expenses is as follows: Rent/Mortgage $420.00; Electricity and Heating Fuel $70.00; Telephone $ 43.00; Food $240.00; Clothing $40.00; Laundry and Dry Cleaning $20.00; Medical and Dental Expenses $60.00; Transportation $240.00; Recreation $20.00; and Auto Insurance $82.00. All other potential expenses provided for on Schedule J were listed at $0.00.

ed States promulgated interim procedures to assist in the implementation of this code provision. *Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, August 11, 2005, *available at* http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html [hereinafter *Interim Procedures* ]. According to the Interim Procedures, the debtor has the burden of showing that the application should be granted. *Id.* at Section II.A.6.

The Interim Procedures set forth a two step analysis for determining whether the filing fee should be waived. *Id* at Section II.A.1; *In re Lineberry*, 344 B.R. 487 (Bankr.W.D.Va.2006). First, a debtor's income must be less than 150 percent of the poverty guidelines published by the United States Department of Health and Human Services applicable to a family of the size involved. *Interim Procedures*, Section II.A.1. The "Total Combined Monthly Income" as reported on Line 16 of Schedule I is used for comparison. *Interim Procedures*, Section II.A.3.

■ Second, if the debtor's income is less than 150% of the guidelines, the debtor must be unable to pay the filing fee in installments. *Interim Procedures*, Section. II.A.1. In making such a determination, a court need consider the totality of the circumstances. *Interim Procedures*, Section.II.A.5. *Lineberry*, 344 B.R. at 492 (citing *In re Nuttall*, 334 B.R. 921 (Bankr. W.D.Mo.2005)).

## I. National Poverty Level

In this case, the Debtor is unmarried with no dependants and thus a family of one for the purposes of 28 U.S.C. § 1930(f). The Debtor's Schedule I shows a total net monthly income of $1,196.04. In Virginia, 150% of the 2007 DHHS Guideline for a family of one is $1,276.25

per month. The Debtor's monthly income is $80.21 less than the DHHS Guidelines for a family of one. Therefore, the Debtor satisfies the first prong of the test for waiver of the Chapter 7 filing fee.

## II. Ability to Pay in Installments

■ In order to grant a debtor's motion, a court, determining that the debtor's income is less than 150% of the poverty guidelines, must determine that the debtor is unable to pay the filing fee in installments. *Interim Procedures*, Section II. A.3. Although, neither the statute, nor the Interim Procedures provide further guidance, courts have addressed the interpretation of § 1930(f)(1). *Lineberry*, 344 B.R. at 492 (citing *In re Nuttall*, 334 B.R. 921). In *Nuttall*, the court looked to three factors to determine whether the debtors were able to pay the filing fee in installments: (1) the type of fee arrangement the debtor had with their attorney, (2) the ability of the debtor to pay the filing fee in installments after taking into consideration the reasonableness Schedule J expenses, and (3) whether the debtor possessed any assets from which the debtor could pay the filing fee. *Id.* at 924–25.

### A. Payment of Attorney's Fees

■ While, the Interim Procedures state that a debtor is not disqualified for a waiver of the filing fee solely because the debtor has paid or promised to pay an attorney for a bankruptcy case, the Interim Procedures do not prohibit a court from considering such a payment. *Interim Procedures*, Section II.A.5. In this case, the Debtor has neither paid nor promised to pay a bankruptcy attorney, bankruptcy petition preparer, or debt relief agency in connection with the filing.

### B. Reasonableness of Schedule J Expenses

■ In determining the reasonableness of a debtor's scheduled expenses, Internal

Revenue Service (IRS) guidelines,[3] which "establish a standard as to expenses which have been accepted by Congress elsewhere as the starting point in determining reasonableness," provide assistance. *Nuttall*, 334 B.R. at 924. The IRS guidelines are broken down into three groups: Local Housing and Utilities Standards, Local Transportation Expense Standards, and National Standards for Allowable Living Expenses. The standard operating expense for one vehicle, excluding property taxes, is $260 according to IRS Local Transportation Expense Standard for the south census region, which includes Virginia. The National Standard for ownership cost for one vehicle is $471. The Debtor owns one vehicle-a 2000 Subaru Outback, valued at $5,750. The Debtor owes nothing on the vehicle and reports monthly expenses for transportation costs and auto insurance totaling $322, which is significantly less than the combined standard operating expenses for the south census region and national ownership costs of $731.

The IRS National Standard for Allowable Living Expenses, which includes food, housekeeping supplies, apparel and services, personal care products and services, and miscellaneous expenses, for a family of one with a gross monthly income of $1,389.18, is $461.00. The Debtor's expenses for items included in the National Standard for Allowable Living Expenses is $380.00, which is $81.00 below the National Standard.

The IRS Local Housing and Utilities Standard maximum monthly allowance for a family of one in Pulaski County, Virginia, where the Debtor resides, is $769 per month. The Debtor's expenses for items included in the Local Housing and Utilities Standard is $533, which is $236 below the maximum monthly allowance.

### C. Available Assets

■ In order to determine whether a debtor has the ability to pay the filing fee in installments, the court must also determine whether a debtor has any assets available with which to pay the filing fee. *Nuttall*, 334 B.R. at 924-25. In this case, the Debtor's personal property includes $299.00 held in escrow. The Debtor provided these funds to her counsel so that he could pay the filing fee in the event the court denied her motion and in accordance with the policy of the Southwest Virginia Legal Aid Society, Inc. While the court cannot fault the Southwest Virginia Legal Aid Society, Inc. for taking such precautions, the ability of the Debtor to place these funds in escrow indicates that the Debtor has the ability to pay the filing fee.

The Debtor, however, argues that these funds are exempt and would be best utilized by the Debtor to help her achieve her "fresh start." However, it is not only the exempt assets of a Chapter 7 debtor that aid in the "fresh start," but also the discharge of the Debtor's unsecured debts. *See generally, In re Robinson*, 2006 Bankr.LEXIS 3359, 2006 WL 3498296 at *3-4 (Bankr.S.D.Ga. July 19, 2006). In order for a debtor to receive the discharge of unsecured debts, a potential Chapter 7 debtor must file a bankruptcy petition along with the Chapter 7 filing fee.

### CONCLUSION

For the reasons set forth above, the Court finds that the Debtor did not meet her burden of proving that she is unable to pay the filing fee in installments as required under 28 U.S.C. § 1930(f)(1). Accordingly, it is

### ORDERED:

That the Debtor's Motion to Proceed in Forma Pauperis is DENIED. It is

---

**3.** The IRS guidelines are available on the United States Trustee Program website, http:// www.usdoj.gov/ust/eo/bapcpa/meanstesting. htm.

**FURTHER ORDERED:**

That the Debtor pay the filing fee by not later than fifteen (15) days after the date of this order.