**In re Irene E. BARRICK, Debtor.**

**No. 6:08–bk–04374–ABB.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 6, 2008.

Lori Patton, Law Office of Lori Patton, Longwood, FL, for Debtor.

### ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion for Reconsideration of Order Granting Application to Proceed *In Forma Pauperis* and Waiving Filing Fee (Doc. No. 10) ("Motion") filed by Robert E.

Thomas, the Chapter 7 Trustee herein ("Trustee"). A final evidentiary hearing was held on July 14, 2008 at which the Debtor, Debtor's counsel, and the Trustee appeared.

The Debtor filed this case on May 28, 2008 ("Petition Date") with an Application to proceed *in forma pauperis* requesting the Chapter 7 filing fee be waived (Doc. No. 5). An Order was entered on June 4, 2008 (Doc. No. 9) granting the Debtor's Application and allowing her to proceed *in forma pauperis* pursuant to 28 U.S.C. Section 1930. The Trustee seeks reconsideration of the June 4, 2008 Order.

The Debtor is disabled, unmarried, and her sole source of income is Social Security from which she receives $1,158.00 monthly (Doc. No. 1, Schedule I). She jointly owns her residence located at 638 Pearl Road, Winter Springs, Florida 32708 with her son and daughter-in-law (Doc. No. 1, Schedule A). The Debtor, her son, and daughter-in-law live together and pool their income into a common bank account. They use the funds to pay living and household expenses, including the mortgage.

The Debtor set forth in her Application her total combined monthly income is $1,158.00 and listed $0.00 for income from any dependents. She listed "None" for dependents in Schedule I. She listed monthly expenses of $1,158.00 in Schedule J and her Application. She listed $0.00 cash on hand, and $14.00 in two bank accounts.

The Debtor is represented by counsel in this proceeding who has charged $1,000.00 for legal services as set forth in counsel's Rule 2016 Statement (Doc. No. 1). The Debtor paid counsel's fee in four installments prepetition. The Debtor has not paid the Chapter 7 filing fee.

The Trustee had not yet been appointed when the Debtor filed the Application and was not served with it. He seeks reconsideration of the June 4, 2008 Order granting the Application contending the Debtor does not qualify for *in forma pauperis* treatment and, based upon the totality of the circumstances, has the ability to pay the Chapter 7 filing fee "at least in installments."

A Bankruptcy Court is authorized to waive the filing fee in an individual Chapter 7 case filed after October 17, 2005 pursuant to 28 U.S.C. Section 1930(f), which provides:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget ...) applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1) (2008).

Section 1930(f) sets forth a two-step test for waiver of the Chapter 7 filing fee, a quantitative step and a qualitative step: (i) the debtor's income is below 150% of the poverty line for the debtor's family size; and (ii) the debtor is unable to pay the fee in installments. *In re Ortiz*, No. 6:06–bk–00562–KSJ, 2006 WL 1594152, at *1 (Bankr.M.D.Fla. May 11, 2006). Step two requires an analysis of the totality of the debtor's circumstances. *In re Burr*, 344 B.R. 234, 236 (Bankr.W.D.N.Y.2006); JCUS Guidelines § II.A.5. The party seeking waiver of the filing fee bears the burden of establishing both parts of the test by a preponderance of the evidence. *In re Stickney*, 370 B.R. 31, 40 (Bankr.D.N.H. 2007).

■ An unmarried individual debtor with no dependents constitutes a family of one for the purposes of 28 U.S.C. Section 1930(f). *In re Davis,* 372 B.R. 282, 285 (Bankr.W.D.Va.2007). The Debtor admitted in her bankruptcy papers she has no dependents and is a family of one (*see* Means–Test Calculation at Question 14.b.). The Debtor is a family of one for the purposes of Section 1930(f).

The 2008 Poverty Guidelines established by the United States Department of Health & Human Services found at http://www.aspe.hhs.gov/poverty/08poverty.shtml set forth the poverty line for a household of one in the forty-eight contiguous states and the District of Columbia is $10,400.00 annual income.[1] One hundred fifty percent of that amount is $15,600.00. The Debtor has annual income of $13,896.00, which amount falls below 150% of the poverty line. She has established the first prong of Section 1930(f).

■ The totality of circumstances test for step two of a Section 1930 analysis is conducted on a case by case basis. *In re Stickney,* 370 B.R. at 40. Factors courts have considered include, but are not limited to: (i) discrepancies between a debtor's application and schedules; (ii) collateral sources of income from family or friends from which the filing fee may be paid; (iii) excessive or unreasonable expenses that could be utilized for payment of the filing fee; (iv) whether the debtor agreed to pay a portion of her attorney's fee after the filing of the case; (v) whether the debtor has any property from which the filing fee could be paid; and (vi) significant equity held in assets. *Id.* at 41–42.

■ The Debtor amended Schedules B and C to list shares held in Publix. She claims eight shares valued at $157.20 as fully exempt and thirty-two shares valued at $628.80 as partially exempt in the amount of $2.14. Such stock constitutes an unnecessary asset in which the Debtor has equity. A debtor who owns such assets is not entitled to a filing fee waiver in a totality of the circumstances analysis. *In re Stickney,* 370 B.R. at 42.

The Debtor made prepetition installment payments to a credit counselor and her counsel. She paid Christian Credit Counseling $834.00 on November 5, 2007, $722.00 on December 5, 2007, and $722.00 on January 5, 2008, for a total of $2,278.00. The Debtor paid her counsel's fee of $1,000.00 in four installments: $300.00 on February 12, 2008; $300.00 on March 19, 2008; $200.00 on April 3, 2008; and $200.00 on May 1, 2008. Such payments demonstrate an ability to pay the Chapter 7 filing fee.

The Debtor has not established by a preponderance of the evidence she is unable to pay the Chapter 7 filing fee in installments. The totality of circumstances establishes the Debtor has the ability to pay the filing fee in installments and is not entitled to a waiver of the filing fee pursuant to 28 U.S.C. Section 1930(f). The Trustee's Motion is due to be granted.

Accordingly it is,

**ORDERED, ADJUDGED and DECREED** that the Trustee's Motion (Doc. No. 10) is hereby **GRANTED;** and it is further

**ORDERED, ADJUDGED and DECREED** that the June 4, 2008 Order (Doc. No. 9) is hereby **VACATED;** and it is further

**ORDERED, ADJUDGED and DECREED** that the Debtor is directed to pay the Chapter 7 filing fee in six installments according to the following terms: $50.00 on or before August 15, 2008; $50.00 on or

---

1.  73 Fed.Reg. 3971–3972 (Jan. 23, 2008).

before September 1, 2008; $50.00 on or before September 15, 2008; $50.00 on or before October 1, 2008; $50.00 on or before October 15, 2008; and $49.00 on or before November 1, 2008.