### In re William A. DONAHUE, Debtor.

### No. 09–41672–MGD.

United States Bankruptcy Court,
N.D. Georgia,
Rome Division.

May 19, 2009.

---

William A. Donahue, pro se.

## ORDER GRANTING DEBTOR'S AP-PLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE

MARY GRACE DIEHL, Bankruptcy Judge.

Before the Court is William A. Donahue's ("Debtor") *pro se* Application for Waiver of the Chapter 7 Filing Fee ("Application"). (Docket No. 4). Based on the information Debtor provided in his Application and his Schedules I and J, and for the reasons set forth herein, Debtor's Application is **GRANTED.** The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### I. FINDINGS OF FACT

In his Application, Debtor reported monthly income of $2,300 and monthly expenses of $1,560 for a one-person family. While these figures suggest that Debtor has monthly net income of $740, a comparison with Debtor's Schedule I indicates that Debtor mistakenly listed his gross income on his Application rather than the income from Line 16 of Schedule I. Debtor's Schedules I provides a more detailed perspective of Debtor's finances. Schedule I shows that Debtor's gross income is $2,040 per month and Debtor actually takes home $1,584 per month.[1] Upon review of Schedule I, it is apparent that Debtor reported his gross income on his Application, rather than his adjusted income. Debtor's Schedule J completes the Court's view of Debtor's financial situation. On Schedule J, Debtor reported modest monthly expenses. Debtor reported that he pays $400 for rent, $30 for telephone services, $120 for food, $20 for laundry and dry cleaning, $120 on transportation, $30 on recreation, $80 on auto insurance, and $500 in "alimony, maintenance, and support paid to others." Debtor's total expenses as reported are $1,560, which leaves Debtor with $24 of monthly net income. The Court notes, however, that Debtor's Schedule J does not include any expenses for medical and dental care, homeowner's or renter's insurance, life insurance, or clothing. Additionally, Debtor's monthly food budget of $120 is low even for a one-person family. Finally, Debtor's support payments of $500 consume approximately a third of Debtor's adjusted income.

### II. APPLICATION OF 28 U.S.C. § 1930(f)(1)

■ Fees payable to the Bankruptcy Court are governed by 28 U.S.C. § 1930. The Court's authority to waive a debtor's filing fee is codified at § 1930(f)(1). Section 1930(f)(1) provides that the Bankruptcy Court

> may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line ... applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1). The Judicial Conference of the United States has promulgated Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention And Consumer Protection Act of 2005 ("JCUS Pro-

---

1. Debtor's "Total Monthly Income" on Line 16 of Schedule I is the result of several deductions from Debtor's gross salary. Debtor reported payroll taxes of "$91.00 × 4," insurance deductions of "$18.00 × 4," and a "United Way" deduction of $20. While the Court is uncertain of United Way deduction, this $20 expense does not change the Court's analysis of the Application.

cedures").[2] Pursuant to § 1930(f)(1) and the Interim Procedures, the Court's determination of a debtor's eligibility for waiver of the Chapter 7 filing fee involves a two step process. First, as a quantitative analysis, the Court must determine whether the debtor's income is less than 150% of the official poverty guideline. Then the Court must make a qualitative analysis of whether the debtor is otherwise able to pay the filing fee. *E.g., In re Barrick,* 402 B.R. 39, 41 (Bankr.M.D.Fla.2008); *In re Stickney,* 370 B.R. 31, 40 (Bankr.D.N.H. 2007); *In re Burr,* 344 B.R. 234, 236 (Bankr.W.D.N.Y.2006); *In re Phillips,* 375 B.R. 201 (Bankr.W.D.Va.2007). The debtor has the burden of proving by the preponderance of the evidence that his circumstances satisfy both steps. JCUS Procedures at § II(A)(6); *In re Stickney,* 370 B.R. at 39. The Court will address each step in turn.

### A. Debtor's Income is Less than 150 Percent of the Official Poverty Guideline

■ When determining whether a debtor's income is less than 150 percent of the poverty guideline, the Court looks to the poverty guidelines published annually by the Department of Health and Human Services. JCUS Procedures at § II(A)(1). These guidelines are based on family size. For purposes of § 1930(f)(1), the debtor's family includes the debtor, the debtor's spouse, and any dependents listed on Schedule I. JCUS Procedures at § II(A)(4). Here, Schedule I shows that he is divorced and that he has no dependents; therefore, he has a one-person family. The poverty guideline for a one-person family in Georgia is annual income of $10,830; 150 percent of that income is

$16,245. Accordingly, in order for Debtor to qualify for a fee waiver pursuant to § 1930(f)(1), he must demonstrate to the Court that he has annual income of less than $16,245.

A debtor's income, for purposes of comparison with the poverty guidelines, is the figure reported on Line 16 of Schedule I. JCUS Procedures at § II(A)(3). Here, Debtor reported $1,584 of monthly income on Line 16 of Schedule I. Therefore, Debtor has reported an annual income of $19,008. Comparing Debtor's annual income of $19,008 to 150 percent of the poverty guideline, $16,245, suggests that Debtor has not met the quantitative prong of the fee waiver analysis. The Court notes, however, that Schedule I accounts for income from "alimony, maintenance or support payments" made to debtors for the support of debtors or their dependents. This inclusion of support payments in a debtor's income for purposes of Fee Waiver Applications is consistent with the Internal Revenue Code's treatment of alimony as taxable income to the payee. *See* 26 U.S.C. § 71(a) (stating the general rule that alimony payments are included in gross income of the payee). While the Bankruptcy Code fails to define "income" generally, the Internal Revenue Code can be helpful in determining what should be included or excluded when the Bankruptcy Court must determine a debtor's income. *See In re Lewis,* 401 B.R. 431, 440 n. 22 (Bankr.N.D.Cal.2009) (relying on the Internal Revenue Code for determining the meaning of "income" as used in 11 U.S.C. § 101(10A)(A)). The term "income" as applied to the Fee Waiver analysis, however, is broader than the Internal Revenue Code because Schedule I includes as income any

---

**2.** Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection

Act of 2005 (promulgated August 11, 2005), available at http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html (last visited May 15, 2009).

form of domestic support, including child support, whereas the Internal Revenue Code treats child support distinctly from alimony or maintenance payments. *See* 28 U.S.C. § 71(c) (excluding child support payments from the general rule that support payments are taxable income to the payee). The broader definition of "income" under the Fee Waiver analysis, through the inclusion of child support payments, is consistent with the Court's direction to include in a debtor's income the income of all family members listed as dependents on Schedule I. JCUS Procedures at § II(A)(3).

Importantly, evaluating income by Line 16 of Schedule I creates a second distinction between the Fee Waiver analysis and the Internal Revenue Code's treatment of support payments. Whereas the Internal Revenue Code includes support payments in the payee's income, the tax code deducts support payments from the payor's income. 26 USC § 215(a) (providing the payor of alimony a tax deduction in the amount of alimony paid). Schedule I, on the other hand, fails to deduct from a debtor's income the alimony, maintenance or support paid by the debtor to a second person for the support of that person or that person's dependents.

As a result of calculating income by including support payments received by a debtor without deducting support payments paid by a debtor, a strict application of the JCUS Procedures would create inequitable results. If the Court focuses solely on Line 16 of Schedule I, the Court must count alimony paid by one party to a second party as income in two households: the payor's and the payee's. The payor, however, cannot count the payee (or the relevant child, in the case of child support payments) as a family member if the payee (or child) is not in the payor's household. As a result, the payee is treated as having

more income but is permitted to count the beneficiary of the payments as a member of the payee's household, whereas the payor is treated as having the same income but cannot count the beneficiary as a member of the payor's household. Therefore, if both parties were to file Chapter 7 petitions and each sought a waiver of the filing fees, both parties would include the amount of support payments as income, the payee's income would be compared to a poverty guideline for a family size that included the beneficiary of the support payments, and the payor's income would be compared to a poverty guideline for a family size that excluded the beneficiary of the support payments.

The appropriate process for calculating income when a debtor makes or receives support payments would be to treat support payments for purposes of Fee Waiver Applications the way such payments are treated in the Internal Revenue Code. This will result in an equitable assessment of both payors' and payees' household incomes. Accordingly, support payments received into a household should continue to be considered income for that household. Support payments paid by a debtor to another household, however, should be deducted from that debtor's income for purposes of the Fee Waiver analysis. This adjustment will better enable the Court to determine whether a debtor's actual household income is less than 150 percent of the poverty guidelines for that debtor's family size. Applying this process to Debtor's case, Debtor's $500 monthly support payments should be deducted from his income of $1,584 as reported on Line 16 of Schedule I. Debtor's monthly income, therefore, is $1,084 and Debtor's annual income is $13,008, which is less than the $16,245 annual income that is 150 percent of the poverty guideline for a one-person family. Debtor's income level satisfies the quantitative prong of the fee waiver analy-

sis. The Court must next consider whether Debtor is unable to pay the filing fee in installments.

### B. Debtor is Unable to Pay the Filing Fee in Installments

To determine whether a debtor is unable to pay the filing fee in installments, the Court should consider the totality of the debtor's circumstances. JCUS Procedures at § II(A)(5). Some factors the Court should consider include whether there are discrepancies between the debtor's application and schedules, whether the debtor has collateral sources of income or financial support, whether the debtor's expenses are excessive or unreasonable, and whether the debtor's current income and expenses result from temporary or extraordinary circumstances. *In re Stickney,* 370 B.R. at 41–42; *In re Nuttall,* 334 B.R. at 924–925; *In re Burr,* 344 B.R. at 237; *In re Phillips,* 375 B.R. at 205–207. As noted above, Debtor's expenses are modest and do not include some basic needs, such as medical and dental care expenses. While Debtor's income and expenses suggest that Debtor has monthly net income of $24, that amount is insufficient for the required installment payments. Additionally, the basic expenses that Debtor has not included on his Schedule J are likely to exhaust the $24 of apparent net income. While paying an attorney for bankruptcy services does not disqualify a debtor for fee waiver, the Court notes that Debtor is *pro se* and does not report having paid anyone to help him with his bankruptcy case. JCUS Procedures at § II(A)(5) ("A debtor is not disqualified for a waiver of the filing fee solely because the debtor has paid (or promised to pay) a bankruptcy attorney, bankruptcy petition preparer, or debt relief agency in connection with the filing"). Debtor has not reported, nor does the Court have any reason to suspect, that Debtor receives financial support from anyone. In total, Debtor's circumstances are such that he appears unable to pay the filing fee in installments.

Debtor has proven by a preponderance of the evidence that he satisfies both the quantitative and qualitative prongs of the Fee Waiver analysis. Accordingly, it is

**ORDERED** that the Application is **GRANTED**; however, this order is subject to being vacated at a later time if developments in the administration of this case demonstrate that the waiver was unwarranted.

The Clerk shall serve a copy of this Order upon Debtor and the Chapter 7 Trustee.