In re Roberta Ann FRYE, Debtor.

No. 10–51285.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Oct. 7, 2010.

James R. Larrick, Jr., Winchester Law Group PC, Winchester, VA, for Debtor.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on September 8, 2010, to consider the Debtor's Application to Proceed *In Forma Pauperis* (hereafter the "Application"). There have been no objections to the Application. The Court took the matter under advisement and granted the Debtor leave to file written authority in support of her Application. The Debtor has submitted her written authority and the matter is ripe for decision. After considering the pleadings and statements of the Debtor the Court makes the following findings of fact and conclusions of law.

### Background

The Debtor filed her bankruptcy petition on August 4, 2010. In accordance with Fed. R. Bankr.P. 1006(c) the Debtor's petition was accompanied by her Application.

In her Application, the Debtor stated that she has a family of four, that her combined monthly income is $1,801.00, that her dependents do not contribute to her combined monthly income, and that her income is not expected to increase or decrease.

At the September 8 hearing, the Debtor testified that her dependents are her two daughters, both aged 19, and her son-in-law, aged 20.

### Discussion

### I.   Relevant Statutes

28 U.SC. § 1930(f)(1) states,

Under the procedures prescribed by the Judicial Conference of the United States, the district court or bankruptcy court may waive the filing fee in a case under Chapter 7 or title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line ... applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1) (West, 2010).

On August 11, 2005, the Judicial Conference of the United States promulgated interim procedures to assist in the implementation of § 1930 (hereafter the "Interim Procedures"). Section II.A.1 of the Interim Procedures sets forth a two-step analysis for determining whether the filing fee should be waived. *In re Davis,* 372 B.R. 282, 284–85 (Bankr.W.D.Va.2007). The first step is that the debtor's income must be less than 150 percent of the poverty guidelines published by the U.S. Department of Health and Human Services applicable to a family of the size involved. *Id.* The second step is that if the debtor's income is less than the 150 percent of the poverty guidelines, the court must evaluate the debtor's financial condition to see if the debtor can pay the filing fee in installments. *Id.*

Pursuant to Interim Procedures II.A.6, the debtor has the burden of showing that the application to proceed *in forma pauperis* should be granted. *Davis,* 372 B.R. at 285. Pursuant to Interim Procedures II.A.5, in making its determination on whether to grant the application the

court must consider the totality of the circumstances. *Davis,* 372 B.R. at 285.

## II. Determining Family Size

The Debtor's Application states that she has a family of four. However, the three dependents claimed by the Debtor are over the age of majority. The issue for decision in the case at bar is whether adult children can be considered dependents for purposes of § 1930. For the following reasons, the Court finds that the Debtor's children are properly considered dependents for purposes of § 1930.

### A. Definition of Dependent

■ The Interim Procedures define family size as "the debtor(s), the debtor's spouse (unless the spouses are separated and a joint petition is not being filed), and any dependents listed on Schedule I." *Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,* August 11, 2005, *available at* http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/JCUSinterrimProcedures.aspx. Interim Procedure II.A.4 fn. 4 states that since the U.S. Department of Health and Human Services (hereafter "DHHS") did not publish a definition of what constitutes a "family unit," the Judicial Conference of the United States adopted a definition of "family unit" "that is reasonable for the bankruptcy context." *Id.*

In this case, the Court lacks a definition of the term "dependent" and therefore, will endeavor to use a definition of "dependent" that is "reasonable for the bankruptcy context." In ascertaining a definition of "dependent" that is "reasonable for the bankruptcy context" the Court finds the Debtor's argument on the matter to be persuasive.

The Debtor argues that the Statement of the U.S. Trustee Program's Position on Legal Issues Arising Under the Chapter 7 Means Test (hereafter the "Trustee's Program's Position") provides a definition of "dependent" that is reasonable in the bankruptcy context. Debtor's Memorandum pg. 4, *In re Frye,* No. 10–51285 (Bankr.W.D.Va. Sep. 23, 2010). Specifically, the Debtor asserts that "in discussing 'household size' for the median income component of the means test, the Trustee Program's Position states 'Household size is the debtor, the debtor's spouse and any dependents that the debtor could claim under IRS dependency tests." *Id.* (quoting Statement of U.S. Trustee Program's Position on Legal issues Arising Under Chapter 7 Means Test, page 3, *available at,* http://www.justice.gov/ust/co/bapcpa/docs/ch7_line_by_line_pdf.) Thus, the Debtor concludes that the court should determine whether the Debtor's adult children are dependents under IRS Publication 501. *Id.*

The Court agrees with the Debtor's argument and adopts the position that in order to determine whether a child qualifies as a dependent for purposes of § 1930, a court should look to the IRS dependency test as stated in IRS Publication 501. IRS Publication 501 (hereafter the "IRS Guidelines") sets forth a six-factor test for determining whether a child qualifies as a dependent. I.R.S. Publication 501, at 12, (Dec. 18, 2009)[1]. The six factors are: (1) a relationship test; (2) an age test; (3) a residency test; (4) a financial support test; (5) a joint return test; and (6) a special test for a dependent child of more than one person. *Id.* Since the factors are listed in the conjunctive, the Court finds that each factor must be met in order for a child to qualify as a dependent.

---

**1.** Available at http://www.irs.gov/pub/irs-pdf/p 501.pdf

## B. Application of the Six–Factor Test to the Debtor's Daughters Relationship Test

■ To meet this test the IRS Guidelines state, in relevant part, that the child must be the "son, daughter, stepchild, foster child, or a descendant of any of them ..." of the filing taxpayer. *Id.* In the context of bankruptcy, the dependent in question must be the "son, daughter, stepchild, foster child, or a descendant of any of them ..." of the filing debtor. In this case, the Debtor's two daughters clearly satisfy this requirement.

### Age Test

To meet the age test the child must be "(a) [u]nder age 19 at the end of the year ..., (b) under age 24 at the end of the year, a full-time student ..., or (c) any age if permanently and totally disabled." *IRS Guidelines*, pg. 12. The Debtor's daughters do not qualify under provision (a) because they are over the age of 19 and do not qualify under provision (c) because there has been no evidence presented that they are permanently and totally disabled. In order to qualify under provision (b) a child must meet four separate requirements. *Id.* The first requirement is that the child must be under the age of 24. *Id.* The second requirement is that the child must qualify as a full-time student. *Id.* Within the requirement that a child be a full-time student there are two further requirements that the child must satisfy. *Id.* The first is that the child qualify as a student and the second is that the institution where the child is enrolled qualifies as a school. *Id.*

In order to meet the requirement that the child is a student the moving party must show that,

> [D]uring some part of each of any 5 calendar months of the year [the child was]: (1) a full-time student at a school that has a regular teaching staff, course

of study, and a regularly enrolled student body at the school, or (2) a student taking a full-time, on-farm training course given by a school described in (1), or by a state, county, or local government agency.

*IRS Guidelines,* pg. 12. In order to qualify as a school, the institution must be "an elementary school, junior or senior high school, college, university, or technical, trade, or mechanical school ...." *Id.*

In this case the Debtor's daughters are 19 years of age and thus, satisfy the age requirement in provision (b). The Debtor states that her daughters are enrolled full-time in special education classes at John Handley High School. Thus, the Debtor's daughters meet the definition of a student since they are enrolled in a full-time program and the high school that the daughters attend qualifies as a school. Therefore, the Debtor's daughters meet the requirements of provision (b) and accordingly, pass the age test.

### Residency Test

To meet the residency test the child must "have lived with [the parent] for more than half of the year." *Id.* at 13. In this case both of the daughters have resided with the Debtor on a continual basis and so satisfy this requirement.

### Support Test

To meet the support test the child "must not have provided more than half of his or her own support for the year." *Id.* at 14. The Debtor states that her daughters do not earn any income and have no means of supporting themselves. Therefore, the daughters have satisfied this requirement.

### Joint Return Test

To meet the joint return test the child must show that it "is not filing a joint return for the year (unless that joint return is filed only as a claim for refund)." *Id.* The daughters do not file tax returns.

Thus, the daughters satisfy the requirements of the joint return test.

### Instance Where the Child Is Claimed by More than One Person

This provision does not apply in this case as there are no other parties claiming the daughters as dependents.

### Conclusion With Regards to the Daughters

The Court finds that the daughters satisfy the six-factor test as set forth in the IRS Guidelines and therefore, are properly deemed to be dependents for purposes of § 1930.

### C. Findings with Regards to the First Prong of the Test for Waiver of the Chapter 7 Filing Fee

Since the daughters qualify as dependents, the family size of the Debtor is at least three. In Virginia, 150 percent of the 2010 DHHS Guideline for a family of three is $2,288.75 per month.[2] The Debtor's monthly income is $1,801.00.[3] The Debtor's monthly income is $1,572.25 below the 150 percent of poverty guideline. Thus, including only the Debtor's daughters as dependents, the Debtor's income is such that she satisfies the first prong of the test for waiver of the Chapter 7 filing fee.[4]

### III. Ability to Pay the Filing Fee in Installments

Having determined that the Debtor's income is below the 150 percent of poverty guideline as set by DHHS, the Court now moves to the second prong of the test for waiver of the Chapter 7 filing fee, whether the debtor can pay the filing fee in installments.

Davis set forth a three factor test for determining whether a debtor could pay the filing fee in installments. Davis, 372 B.R. at 285 (citing In re Nuttall, 334 B.R. 921 (Bankr.W.D.Mo.2005)). The three factors are:

(1) the type of fee arrangement the debtor had with their attorney, (2) the ability of the debtor to pay the filing fee in installments after taking into consideration the reasonableness of Schedule J expenses, and (3) whether the debtor possessed any assets from which the debtor could pay the filing fee.

Id.

In applying the Davis factors to this case the Court first finds that the Debtor is represented pro bono by counsel and so has not made any arrangement for payments to an attorney. Secondly, in reviewing the Debtor's Schedule J the Court did not find any unreasonable expenses. Lastly, the Debtor does not have any assets from which she could pay the filing fee. Accordingly, the Court finds that all of the Davis factors have been satisfied and thus, the Court finds that the Debtor cannot pay the filing fee in installments. Therefore, the Debtor has satisfied the second prong of the test for waiver of the Chapter 7 filing fee.

### IV. Conclusion

The Court finds that the Debtor's income is such that she satisfies the first prong of the test for waiver of the Chapter 7 filing fee. The Court further finds that the Debtor is unable to pay the filing fee in installments and thus, satisfies the second

---

**2.** 2010 Poverty Guidelines available at http://www.uscourts.gov/bankruptcycourts/resources.html

**3.** Id.

**4.** Having determined that the Debtor satisfies the first prong of the test for waiver of the Chapter 7 filing fee based solely on the inclusion of her daughters in her calculation of family size, the Court does not need to determine whether the Debtor's son-in-law qualifies as a dependent for purposes of 28 U.S.C. § 1930(f)(1).

prong of the test for waiver of the Chapter 7 filing fee. Therefore, the Court finds that the Debtor satisfies both tests required for the waiver of the Chapter 7 filing fee. Accordingly, it is

## ORDERED

That the Debtor's Application to Proceeding *in forma pauperis* is hereby **GRANTED.**

Copies of this order are directed to be sent to: co-counsel for the Debtor, James R. Larrick, Jr., Esquire, to co-counsel for the Debtor, Sarah Looney, Esquire, and to the Chapter 7 Trustee, John G. Leake.