**In the Matter of Robert Phillip FORTMAN, Jr., Debtor.**

No. 11–12020.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

July 26, 2011.

---

Robert Phillip Fortman, Jr., pro se.

## DECISION ON DEBTOR'S MOTION TO RECONSIDER

ROBERT E. GRANT, Chief Judge.

The debtor, who is proceeding pro se, filed a petition for relief under chapter 7 and, in doing so, also filed an application asking the court to waive the required filing fee. The court denied the application to waive, required the debtor to pay the filing fee in installments, and ordered the debtor to demonstrate that he had complied with the requirements of § 109(h)(3) of the United States Bankruptcy Code so that he was eligible for relief under title 11. The debtor promptly filed a motion to reconsider both of those orders and the matter is before the court, following a hearing, to consider the issues raised by the debtor's motion.

To be eligible for relief under Title 11, an individual must have received credit counseling from an approved agency during the 180 days prior to filing the petition. 11 U.S.C. § 109(h)(1). This requirement may be temporarily waived, however, if the debtor files "a certification," which "is satisfactory to the court," describing "exigent circumstances" necessitating the immediate filing of a bankruptcy petition without waiting for the completion of credit counseling, and which "states that the debtor requested credit counseling ... but was unable to obtain [it]" within seven days. 11 U.S.C. § 109(h)(3)(A)(i-iii). If those three requirements are satisfied, the debtor must then obtain the necessary counseling within thirty days from the date of filing. 11 U.S.C. § 109(h)(3)(B).

The debtor did not complete credit counseling before filing his petition. Instead, he filed a certification in an attempt to obtain the temporary waiver or suspension of that requirement. Yet that certification was not satisfactory to the court because the exigent circumstances he described "did not rise to the [necessary] level of immediacy" and did not "indicate that the filing cannot be delayed while the debtor obtains the required credit counseling." Decision and Order Concerning Debtor's Compliance With § 109(h), May 23, 2011, p.2.

Debtor's motion to reconsider the court's decision concerning his eligibility contains little that is meaningfully new regarding the circumstances surrounding the timing of the petition. The "exigent circumstances" he originally recited were that the counseling agency he contacted refused to see him because he could not pay the required fee. The motion elaborates a bit upon that statement by identifying the agency (Advantage Debt Management of America) and explains that the agency would not waive its fee for prepetition counseling because the court had not waived the filing fee for the case.[1]

---

1. The United States Trustee is responsible for supervising and approving the various non-profit agencies that provide the required counseling. 11 U.S.C. § 111(b). In order to be approved, the agency must, among other things, "provide services without regard to

Because it is impossibly circular—the debtor could not obtain counseling because the agency would not waive its fee, and the agency would not waive the counseling fee because the court did not waive the filing fee, but the debtor is not eligible to file unless it obtains counseling—this explanation not only makes no sense but also, if accepted, would guarantee that no debtor would ever have to complete counseling before filing for relief and that every debtor could qualify for a temporary waiver of the requirement. A debtor would only need to ask the agency to waive its fee, the agency would say no because the court has not waived the filing fee and voilá, exigent circumstances now allow filing without the pre-petition counseling otherwise required. Whatever their wisdom, Congress' requirements for eligibility should not be so easily (and potentially universally) circumvented.

 "The word 'exigent' refers to something that is 'urgent' or that requires 'immediate action or aid.'" *In re Catoe-Emerson*, 2009 WL 47330 *1 (Bankr. D.Dist.Col.2009). So, for the purposes of § 109(h)(3), "exigent circumstances" involve facts associated with the timing of the debtor's petition and help to answer the question of why the debtor needs to file bankruptcy now. They require "an urgent or emergency situation that makes it necessary to file a bankruptcy case immediately because bankruptcy relief would be unavailing if the filing of the petition had to be delayed to obtain credit counseling first." *In re Palacios*, 2008 WL 700968 *1 (Bankr.E.D.Va.2008). *See also, In re Rodriguez*, 336 B.R. 462, 471 (Bankr.D.Idaho 2005) ("something sufficiently different from or more pressing

than the usual or typical motivations to file bankruptcy"); *In re Anderson*, 2006 WL 314539 *2 (Bankr.N.D.Iowa, 2006) ("a situation that demands unusual or immediate action"). They "must leave the debtor without an available alternative—between a rock and a hard place, so to speak—either file bankruptcy now or face the loss of something vital to daily life; a loss that cannot be easily undone or reversed." *In re Tam*, 2010 WL 3946520, 2010 Bankr.LEXIS 3254 (Bankr.N.D.Ind.2010). Circumstances that rise to this level have involved things such as: an impending foreclosure sale, *see, In re Murray*, 2008 WL 732730 (E.D.Va.2008); *In re Mason*, 412 B.R. 1 (Bankr.D.Dist.Col.2009); *In re Gee*, 332 B.R. 602 (Bankr.W.D.Mo.2005); *In re Childs*, 335 B.R. 623 (Bankr.D.Md. 2005); *In re Burrell*, 339 B.R. 664 (Bankr. W.D.Mich.2006), *In re Cleaver*, 333 B.R. 430, 435 (Bankr.S.D.Ohio, 2005), *but see, In re Dixon*, 338 B.R. 383 (8th Cir. BAP2006) (debtor had ample notice of foreclosure sale and any exigent circumstances were of the debtor's own making); *In re Shear*, 2010 WL 3463382 (Bankr. D.N.D.2010) (discovery that residence was being foreclosed on and sold at sheriff's sale insufficient); imminent wage garnishment, *see, In re Manalad*, 360 B.R. 288, 293 fn. 12 (Bankr.C.D.Cal.2007); *Rodriguez*, 336 B.R. 462, *but see, In re Anderson*, 2006 WL 314539 (Bankr. N.D.Iowa 2006) (not all wage garnishments constitute exigent circumstances); repossession of the debtor's only vehicle, *see, In re Davenport*, 335 B.R. 218 (Bankr. M.D. Fla.2005); and ("arguably") the termination of utilities. *In re Graham*, 336 B.R. 292 (Bankr.W.D.Ken.2006).

the ability to pay the fee." 11 U.S.C. § 111(c)(2)(B). Given the sheer impossibility of satisfying what the debtor relates as this agency's approach to waiving its fee—the counseling fee will not be waived unless the court waives the filing fee; yet, counseling must occur before filing and therefore before the debtor can request a waiver from the court—the U.S. Trustee may want to look into the actual conduct of the agency in this regard.

■ Courts have consistently held that the inability to pay for credit counseling does not qualify as exigent circumstances. *See, In re Nealen,* 407 B.R. 194, 203–04 (Bankr.W.D.Pa.2009); *In re Sherry,* 2008 WL 3876595 (Bankr.N.D.Ohio 2008); *In re Curington,* 2005 WL 3752229 (Bankr. E.D.Tenn.2005). The inability to pay does not suggest or correspond to an immediate need to file; it has nothing at all to do with the *timing* of the petition. While it might help to explain why the debtor did not get the required counseling before filing,[2] it does not explain why the debtor needed to file bankruptcy when he did. In the absence of such an explanation, exigent circumstances do not exist, the debtor has not satisfied the requirements of § 109(h)(3) and is not eligible for relief under title 11.

■ Even if the court were inclined to accept the argument that an inability to pay constitutes exigent circumstances warranting a waiver of the requirement for pre-petition credit counseling, that would not change its ultimate conclusion that the debtor is not eligible for relief under title 11. Even when exigent circumstances merit a waiver of the requirement for pre-petition counseling, that waiver is not permanent and it does not completely exempt the debtor from counseling. It is only temporary and only relieves the debtor of the obligation to receive that counseling before filing. The debtor who satisfactorily demonstrates exigent circumstances is still required to obtain counseling and must do so during the thirty days after filing the petition. 11 U.S.C. § 109(h)(3)(B). This debtor has not done that: there has been no follow-through after attempting to obtain the temporary waiver.

The debtor has not satisfied the requirements of § 109(h), is not eligible for relief under the United States Bankruptcy Code, and this case should be dismissed. *See e.g., In re Hedquist,* 342 B.R. 295, 300 (8th Cir. BAP 2006); *In re Crawford,* 420 B.R. 833 (Bankr.D.N.M.2009); *In re Ruckdaschel,* 364 B.R. 724, 734 (Bankr.D.Idaho 2007); *In re Wallace,* 338 B.R. 399, 401 (Bankr.E.D.Ark.2006).

■ The fact that this case will be dismissed does not moot the debtor's request that the court reconsider its order denying his motion to waive the filing fee. A filing fee is due upon the commencement of a case, Fed. R. Bankr.P. Rule 1006(a), and the obligation to pay it is not affected by subsequent events in the case. *See, In re Mullins,* 10 B.R. 346, 347 (9th Cir. BAP 1980) ("The filing fee applies whether the [ ] proceeding is concluded by default, trial, stipulation or dismissal. The fee is not refundable."). *See also, Bankruptcy Fee Compendium III* (May 2010), Part A, ¶ 8, pg. 13–14 (Fees due upon filing are not refunded even if the case in was filed error or the court dismisses the proceeding.) As a result, unless waived, any unpaid fee remains a debt due and owing to the United States, notwithstanding the dismissal of the case. Bankruptcy Fee Compendium III (May 2010), Part B, ¶ 3(C)(4)(a), pgs. 22–23.

■ The court may waive the filing fee in a Chapter 7 case for an individual if their income is less than 150 percent of the official poverty line and they are unable to pay the fee in installments. 28 U.S.C. § 1930(f). Although District Courts have had the ability to waive filing fees for quite some time, *see,* 28 U.S.C. § 1915(a), the waiver of fees for bankruptcy cases is rela-

---

**2.** Since approved credit counseling agencies are required to "provide services without regard to the ability to pay the fee," 11 U.S.C. § 111(c)(2)(B), it may not be a very good explanation, but it is an explanation.

tively new. Except for a three-year pilot program Congress authorized for a handful of districts that began in 1994, *see,* Pub. L. No. 103–121, § 111(d)(3), 107 Stat. 1153, 1165 (1993), it is only since the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 that Bankruptcy Courts have had the ability to do so. As a result, few decisions discuss the application of § 1930(f). Those that do agree upon three things:

(1) the decision whether to waive the filing fee is a matter committed to the court's discretion, *see, In re Ortiz,* 2006 WL 1594152 *1 (Bankr.M.D.Fla.2006) ("the statute ... grants discretion to a bankruptcy court to waive the Chapter 7 filing fee"); *In re Burr,* 344 B.R. 234, 236 (Bankr.W.D.N.Y.2006) ("the statute establishes no entitlement to a waiver of the filing fee.");

(2) which is based upon the totality of the circumstances, *see, In re Frye,* 440 B.R. 685, (Bankr.W.D.Va.2010); *In re Lephew,* 380 B.R. 171, 176–77 (Bankr. W.D.Va.2007); *In re Davis,* 372 B.R. 282, 285 (Bankr.W.D.Va.2007); *In re Nuttall,* 334 B.R. 921, 923 (Bankr. W.D.Mo.2005); and

(3) it is the debtor's burden to prove that the fee should be waived. *Burr,* 344 B.R. at 236 (Bankr.W.D.N.Y.2006).

Section 1930(f) begins by asking two questions. Is the debtor's income less than 150 percent of the applicable poverty line and, if so, is the debtor unable to pay the fee (currently $299) in installments? Those installments, which cannot exceed four, may be paid over as many as six months. Fed. R. Bankr.P. Rule 1006(b)(2). Even though § 1930(f) begins with two questions, that is not necessarily the end of the inquiry. If it were the statute would not give the court any discretion in

the matter (the "court may waive ..."); it would, instead, simply direct the court to waive the fee for individuals satisfying those criteria. It follows, both from this and the "totality of the circumstances" inquiry the court is to utilize, that the discretion authorized by § 1930(f) can involve considerations that go beyond the simple comparison of the debtor's income with the relevant poverty guidelines and the factual finding that the debtor is not able to pay the fee in installments. While those may be necessary conditions to persuade the court to waive the fee, they may not be sufficient ones and the court may require something more.

In deciding whether or not to waive fees under § 1915(a), the District Courts have long considered the merits of the plaintiff's action. *See, e.g., Wartman v. Branch 7, Civil Division, County Court,* 510 F.2d 130, 132–33 (7th Cir.1975); *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir.1965); *Ivey v. Frost,* 346 F.2d 115 (8th Cir.1965); *Albino v. United Methodist Church,* 2008 WL 2004331 (D.E.D.Wisc.2008); *Noble v. Wilkinson,* 289 F.Supp. 773, 774–77 (D.W.D.Mo.1968); *United States v. Lott,* 171 F.Supp. 178, 180 (D.W.D.Kan.1959). In deciding how to exercise the discretion they have been given by § 1930(f), some bankruptcy courts, particularly under the pilot program, looked to this experience as a guide and, in doing so, concluded that they too could give some consideration to the merits of the proceeding for which the fee waiver was sought. The first decision to do was *In re Merritt,* 186 B.R. 924 (Bankr.S.D.Ill.1995), where Judge Meyers denied a debtor's application to waive the filing fee for an appeal because the appeal lacked "a 'realistic chance' or a 'reasonable likelihood of success' on the merits." *Id.* at 932.[3] Judge Sigmund, took a similar

---

**3.** Although Judge Meyers stated that "legal merit is not an issue in determining a fee

approach in *In re Stephenson,* 205 B.R. 52 (Bankr.E.D.Penn.1997), where she concluded that in deciding whether to waive the fee the court could consider the available alternatives under state law and whether bankruptcy offered an effective remedy for the problem presented. *Id.* at 60–61. Finding that it was not and that state exemption laws provided the debtor with "complete relief," she concluded that "a reasonable person in … the same position, upon being fully informed of her options, would not file bankruptcy if she had to pay the filing fee," *id.* at 61, and so denied the motion.

The form for the application to waive the filing fee (Official Form 3B) also seems to suggest that there should be some type of assessment of the merits of the case in connection with determining the issue. Although the court will acknowledge that the structure of the official forms does not control the interpretation of the statute, *Schwab v. Reilly,* —— U.S. ——, 130 S.Ct. 2652, 2660–62, 177 L.Ed.2d 234 (2010), it notes that, at question 17, the application asks whether the debtor filed for bankruptcy during the last eight years and, if so, whether it obtained a discharge. This question has nothing to do with a debtor's resources or its ability to pay the filing fee. Instead, its only apparent purpose is to help the court evaluate the merits of the bankruptcy and consider whether the debtor will be able to receive a discharge,

see, 11 U.S.C. § 727(a)(8), (9), in deciding whether or not to waive the fee.[4]

 This court agrees with Judge Meyers and Judge Sigmund to the extent they both hold that the decision to waive fees under § 1930(f) may consider the "merits" of the proceeding for which the waiver is sought and, as Judge Sigmund concluded, that includes the "merits" of the bankruptcy proceeding itself. In this regard the court can consider whether the debtor is eligible for relief under title 11, 11 U.S.C. § 109(g), (h), and whether it will be able to receive a discharge. 11 U.S.C. § 727(a)(8), (9). Yet, as Judge Sigmund demonstrated in *Stephenson,* sometimes a deeper inquiry is called for and the court should ask whether bankruptcy offers an effective remedy or whether the debtor needs bankruptcy at all. If not, if the bankruptcy would serve no real purpose, nothing is accomplished by waiving the fee, and allowing the debtor to freely proceed may do more harm than not proceeding at all. Moreover, it seems particularly appropriate to undertake this inquiry when the debtor is proceeding pro se and is poorly counseled or uncounseled about the bankruptcy proceeding, its consequences and non-bankruptcy alternatives.

Consider the example of the judgment-proof debtor: an individual with no job or very little income, and no assets beyond a few meager personal possessions. Such an individual does not need to file bankruptcy

---

waiver request for filing the bankruptcy petition itself," *Merritt,* 186 B.R. at 931, Judge Sigmund disagreed with that observation in *In re Stephenson,* 205 B.R. 52, 60 (Bankr. E.D.Penn.1997), and concluded that the court could consider the merit of the proceeding in deciding whether to waive the fee. This court agrees with Judge Sigmund and this case seems to provide an excellent example of why it may be appropriate to consider the merits of a debtor's bankruptcy in deciding whether to waive the fee.

4. If the debtor was not discharged, by asking where and when a previous filing was made, as well as for the case number, the court would be able to use that information to determine whether the earlier case was dismissed under circumstances that might make the debtor ineligible for future relief, either through § 109(g) or the prior court's order of dismissal. *See,* 11 U.S.C. §§ 109(g), 349(a).

to be protected from its creditors. State exemption laws and garnishment limitations "provide ... complete relief." *Stephenson*, 205 B.R. at 61. Given such non-bankruptcy alternatives, a bankruptcy discharge is not necessary and will do the debtor little good. "Judgment-proof debtors ... receive little economic benefit from bankruptcy" and for them "[t]he promised 'fresh start' is largely an illusion." Susan D. Kovac, *Judgment–Proof Debtors in Bankruptcy*, 65 Amer. Bankr. L.J. 675, 679 (Fall 1991).

If there were no limitations on how often a debtor could receive a discharge, these considerations would not matter. But, there are limits to how frequently a debtor can receive a discharge. *See*, 11 U.S.C. §§ 727(a)(8), (9); 1328(f). So by filing bankruptcy today a debtor gives up the opportunity to discharge debts that may be incurred tomorrow. This makes bankruptcy a precious coin that, if it is to be spent, must be spent wisely. Notwithstanding present difficulties, it may be far better to wait and save the opportunity to file until the debtor has something that the discharge can protect.

When an individual does not need a discharge to protect income or assets, filing bankruptcy does little real good and may do much harm.

The judgment-proof debtor who remains poor finds that the immediate relief that bankruptcy provides is only a temporary respite from collection efforts. The debtor whose financial situation improves loses even more by a premature bankruptcy. If the debtor falls further into debt, experiences a medical crisis, or incurs tort liability, he or she no longer has the option of discharging those new debts in order to protect an increased income or non-exempt assets. Kovac, *Judgment–Proof Debtors in*

*Bankruptcy,* 65 Amer. Bankr. L.J. at 681.

Waiving the filing fee for such an individual, to allow them to file an unnecessary proceeding for free, is false compassion. It is worse than prescribing a placebo: a placebo does no real good, but it does no harm either; an unnecessary bankruptcy not only does no good but leaves the patient without an effective remedy for years to come, disqualifying them from further treatment when it may be sorely needed.

■ This case does not give the court the opportunity to decide what, precisely, considering the merits of the bankruptcy proceeding may involve or require it to choose between Judge Meyers' "reasonable likelihood of success" formulation, Judge Sigmund's "fully informed" "reasonable person" articulation of the standard, or some other approach. Under any standard one might choose, this proceeding has no merit. The debtor is not eligible for relief under title 11 and the case will be dismissed. Furthermore, he is unemployed (and has been since 2009); he has no income and his only assets (excluding household furnishings and clothing) consist of $1.50 cash on hand. He has no need for bankruptcy and a discharge will do him no good.

Debtor's motion to reconsider the court's orders of May 23, 2011 is DENIED and this case will be dismissed. An order doing so will be entered.