**In re Deldra Dion ROSS, Debtor.**

**No. 14–50107–MHM.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Signed March 24, 2014.

Entered March 26, 2014.

---

Tonya Shy, Granville/Shy, LLC, Atlanta, GA, for Debtor.

## ORDER ON REQUEST TO WAIVE FILING FEE

MARGARET H. MURPHY, Bankruptcy Judge.

On January 3, 2014, Debtor filed an application for waiver of the Chapter 7 filing fee (Doc. No. 6) (the "Application"). On January 8, 2014, an order was entered directing Debtor to supplement the Application to explain why Debtor's adult children should be considered "dependents" of Debtor. Debtor filed a *Supplemental Pleading to Application for Waiver of the Filing Fee* January 22, 2014, reporting that Debtor's 16–year–old and 21–year–old daughters are unemployed, and Debtor's 25–year–old daughter is employed, but does not contribute to household expenses.

■ A debtor qualifies for waiver of the filing fee under 28 U.S.C. § 1930(f) if the debtor's income is "less than 150 percent of the income official poverty line [as last published by the United States Department of Health and Human Services] ... applicable to a family of the size involved and is unable to pay that fee in installments." The burden of proof rests with the debtor. *See Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.*

On the Application, Debtor lists monthly income of $2,369.64, or annual income of $28,435.68. Debtor lists a household size of four, for which the poverty line is $23,550, and 150% of the poverty line is $35,325. Thus, taking Debtor's proffered household size as true, Debtor appears to meet the first threshold for waiver of the filing fee. However, Debtor's Schedules indicate that the three "dependents" listed on the Application include two adult daughters, ages 21 and 25. The income threshold for a family of three is $29,295 and for a family of two is $23,265. Thus, Debtor's eligibility to proceed *in forma pauperis* under 28 U.S.C. § 1930(f) appears to turn on whether Debtor's adult daughters should be considered as part of Debtor's "household."

■ In determining the size of debtors' households, courts have used at least three approaches. *See Johnson v. Zimmer,* 686 F.3d 224 (4th Cir.2012); *In re Robinson,* 449 B.R. 473 (Bankr.E.D.Va.2011) (collecting cases). First, a number of courts have adopted the definition used by the U.S. Census Bureau, which defines a "household" by the number of residents in a structure, without regard to the economic relationship between those residents. *Id.;* see, e.g., *In re Epperson,* 409 B.R. 503, 507 (Bankr.D.Ariz.2009); *In re Bostwick,* 406 B.R. 867, 872 (Bankr.D.Minn.2009); *contra, In re Jewell,* 365 B.R. 796 (Bankr. S.D.Ohio 2007) (holding the U.S. Census Bureau's definition of "household" is inconsistent with the purpose of reporting household size in a bankruptcy context— *i.e.* to paint a picture of Debtor's economic status). Some courts have adopted a definition of "household" based upon the In-

ternal Revenue Service's definition of "dependents." *E.g. In re Frye*, 440 B.R. 685, 687 (Bankr.W.D.Va.2010); *In re Law*, 2008 WL 1867971 (Bankr.D.Kan.2008). IRS Publication 501 sets forth a six-factor test for determining whether an individual is a "dependent": (1) a relationship test, which requires that the potential dependent be "son, daughter, stepchild, foster child, or a descendant of any of them . . ."; (2) an age test, which requires that the person be under 19 years of age, under 24 years of age and a full-time student, or any age if permanently disabled; (3) a residency test, which would require that the person lived with Debtor for more than half of the year; (4) a financial support test, which would require that the child not "have provided more than half of his or her own support for the year"; (5) a joint return test, which disallows anyone filing a joint return from being declared as a dependent on another's return; and (6) a special test for a dependent child of more than one person. *See, In re Frye*, 440 B.R. at 688. Other courts have instead determined that a Debtor's "household" should be determined by reference to Debtor's "economic unit." *See, e.g., In re Skiles*, 504 B.R. 871 (Bankr. N.D.Ohio 2014); *In re Robinson*, 449 B.R. 473 (Bankr.E.D.Va.2011); *In re Herbert*, 405 B.R. 165, 170 (Bankr.W.D.N.C.2008) (that the debtor supported his girlfriend, their daughter, and the girlfriend's eight other children was "simply the fact of this debtor's life"). Under the "economic unit" approach, Debtor's household is comprised of all the individuals which make up the single economic unit of which Debtor is a part "those the debtor financially supports and those who financially support the debtor." *Johnson v. Zimmer*, 686 F.3d 224 (4th Cir.2012).

Having considered the approaches represented by the above referenced cases, it appears the economic unit approach is appropriate. The purpose of defining Debt-

or's household in a bankruptcy context—and particularly in an application to proceed *in forma pauperis*—is to describe Debtor's financial position. *Johnson v. Zimmer*, 686 F.3d at 237 (noting the economic unit approach to household size is appropriate because "[D]ebtor's finances are a focal point of the Code" and "the entire purpose of identifying a debtor's household size is to use that number to determine his or her financial obligations and ability to pay.") In applications to proceed *in forma pauperis*, we compare Debtor's income to the poverty line applicable to Debtor's household size to determine whether Debtor has the financial wherewithal to pay the filing fee. To ignore the economic impact of Debtor's "household" members, as in the U.S. Census Bureau approach, renders the first prong of 28 U.S.C. § 1930(f) meaningless. Moreover, this court sees no reason to limit its analysis to the six factors set forth by IRS guidelines. While those guidelines may provide a bright line test which is easier to apply, they also may ignore the economic realities of Debtor's circumstances.

■ In the instant case, it is unclear from the facts presented whether Debtor's 25–year–old daughter should properly be considered a member of Debtor's economic unit. Debtor asserts that the 25–year–old daughter earns income which she does not contribute to Debtor's household expenses—thus, we might conclude that the income is being diverted to the 25–year–old's own expenses. The facts presented do not indicate whether some portion of Debtor's expenses represent support of her 25–year–old daughter.

Nevertheless, it appears Debtor's 21–year–old daughter, who has no income and, presumably, relies on Debtor's support, is properly considered part of Debtor's eco-

nomic unit. Even with a household of three, Debtor meets the threshold requirement of § 1930(f)—that Debtor's income be less than 150% of the poverty line applicable to Debtor's household size. Moreover, the Application indicates that Debtor's annual expenses—$28,848—exceed Debtor's annual income. Thus, it does not appear that Debtor can otherwise pay the filing fee in installments. Accordingly, it is hereby

**ORDERED** that the Application is *granted.*

The Clerk is directed to serve a copy of this Order upon Debtor, Debtor's attorney, and the Chapter 7 Trustee.

IT IS SO ORDERED.